UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA  )
            )
v.            )  No. 2:15-CR-036
            )
DANA CHARLES WHALEY    )

## MEMORANDUM AND ORDER

The indictment in this three-defendant case contains eight counts, three of which pertain to defendant Dana Charles Whaley ("the defendant"). Count One charges a conspiracy to manufacture 50 grams or more of methamphetamine. Count Two charges possession of methamphetamine precursors. Count Three charges the maintaining of a premises for the purpose of manufacturing, distributing, and using methamphetamine. The defendant has pled guilty only to a lesser-included offense related to Count One (conspiring to manufacture less than five grams) and will be sentenced on May 3, 2016.

The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 69], to which the defendant formally filed a notice of no objection, "waiv[ing] any right to an evidentiary hearing upon any of its contents" [doc. 72]. Two weeks later, the defendant filed a motion for downward departure, arguing that his offense level in the PSR should have been adjusted downward by two due to his allegedly minor role in the conspiracy, pursuant to United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 3B1.2(b).

The court construes the defendant's motion as an untimely objection to his PSR. For the reasons that follow, that objection will be overruled.

Advisory guideline 3B1.2(a) provides for a 4-level downward "minimal participant" adjustment for persons who played "a minimal role in the criminal activity," and who had comparatively lesser knowledge of the scope and structure of the crime. *See* U.S.S.G. § 3B1.2 cmt. n.4 (2015). Advisory guideline 3B1.2(b) recommends a two-level downward "minor participant" adjustment for persons who are "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *Id.* cmt. n.5. These adjustments are available to "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." *Id.* cmt. n.3(A).

The two codefendants in this case also pled to lesser-included offenses of Count One, although at a higher statutory penalty level than the instant defendant. Each codefendant pled to a conspiracy to manufacture five grams or more of methamphetamine, and each acknowledged participating in the conspiracy for a longer time.

According to his untimely objection, the defendant "would state that he was never personally involves [sic] in the actual manufacture of methamphetamine." [Doc. 76, p.2]. He further states, "It is important to note that Mr. Whaley's illegal activity lasted no more than three days." [*Id.*]. These statements are wholly inconsistent with the defendant's plea agreement and call into question his continued entitlement to an acceptance of responsibility reduction under guideline 3E1.1 and paragraph 7 of his plea agreement.

2

In the plea agreement, the defendant acknowledges his involvement in the instant conspiracy from approximately December 17, 2013, to April 7, 2014. [Doc. 53, ¶ 4(a)]. He "further admits to actively participating in the conspiracy." [*Id.* ¶ 4(e)]. On December 17, he admittedly disposed of meth-making materials in a burn pile behind his residence. [*Id.* ¶ 4(b)]. At paragraph 4(c) of his plea agreement, the defendant twice acknowledges that <u>he</u>, along with two others, "manufactured methamphetamine" at his residence. On April 7, items involved in methamphetamine manufacture were found inside and outside his home. These items included "<u>numerous</u> 'shake and bake' methamphetamine cook bottles, and <u>numerous</u> used coffee filters." [*Id.* ¶ 4(c)] (emphases added). Lastly, the defendant's plea agreement provides that he will receive an increase in his offense level, pursuant to guideline 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. [*Id.* ¶ 4(g)]

It is true that the codefendants in this case were held accountable for five grams or more of methamphetamine, whereas the present defendant is only being held accountable for less than five. Thus, it is likely also true that the scope of the codefendants' conduct was even more serious than the present defendant's. However, the defendant's conduct was still serious - just slightly less so. Methamphetamine manufacture is a significant crime.

The court recognizes that Application Note 3(A) to Guideline 3B1.2 provides that a defendant may still be entitled to a role reduction even though he has been held accountable only for the conduct in which he was personally involved. U.S.S.G. § 3B1.2

cmt. n.3(A). Presuming, without deciding, that this is the case here, to be eligible for a 3B1.2 adjustment such persons must also have "perform[ed] a limited function in the criminal activity . . . ." *Id.* The present defendant did not "perform a limited function." He provided a safe haven for methamphetamine manufacture on multiple occasions. He disposed of waste (in a dangerously irresponsible manner) and allowed the storage of lab components in his home. At least in April 2014, he too *manufactured* meth and, during the April 7 search, proof of "numerous" meth manufactures was found.

In sum, while possibly somewhat less culpable than his codefendants, the present defendant nonetheless has admitted that he participated in, and/or hosted, "numerous" shake-and-bake manufactures of methamphetamine. That is a very serious offense, and the defendant is responsible for it. He knew and understood the scope of his crime and cannot be described as "*substantially* less culpable than the average participant" in the offense. U.S.S.G. § 3B1.1 cmt. n.3(A) (emphasis added). If anything, the recommended advisory guideline range of 37 to 46 months *under*states the severity of this defendant's conduct.

The defendant's untimely objection to his PSR [doc. 76] is accordingly **OVERRULED**. Sentencing remains set for Tuesday, May 3, 3016, at 10:15 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge